UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:24-CR-105-KAC-DCP |
| | ) | |
| DARRELL WAYNE LUNSFORD, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Darrell Wayne Lunsford's Motion to Continue Trial Date and Related Deadlines [Doc. 16], filed on November 18, 2024.

Defendant requests that the Court continue all deadlines and the trial date [Doc. 16]. In support of his motion, Defendant states that his counsel requires additional time to research legal issues and meet with him regarding discovery [*Id.* ¶ 1]. Defendant understands that the period of time between filing this motion and a rescheduled trial date is fully excludable for speedy trial purposes [*Id.* ¶ 3]. Finally, Defendant represents that counsel for the Government does not oppose continuing the requested relief [*Id.* ¶ 4].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time

necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Defense counsel needs more time to research legal issues, meet with Defendant about discovery, and otherwise prepare for trial. The Court finds that all of this cannot occur before the December 17, 2024 trial date.

The Court therefore **GRANTS** Defendant Darrell Wayne Lunsford's Motion to Continue Trial Date and Related Deadlines [**Doc. 16**]. The trial of this case is reset to **April 8, 2025**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on November 18, 2024, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Darrell Wayne Lunsford's Motion to Continue Trial Date and Related Deadlines [**Doc. 16**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **April 8, 2025, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **November 18, 2024**, and the new trial date of **April 8, 2025**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing pretrial motions is extended to **December 19, 2024**, and responses to motions are due on or before **January 2, 2025**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **March 10, 2025**;

(6) the deadline for filing motions *in limine* is **March 24, 2025**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **March 25, 2025, at 11:00 a.m.**; and

2

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **March 28, 2025**.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge